1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **SOUTHERN DISTRICT OF CALIFORNIA**
10

| CELIA WAKEFIELD, | CASE NO. 15CV0451 JM(JMA) |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO REMAND; PERMITTING JURISDICTIONAL DISCOVERY; VACATING MOTION TO DISMISS; ORDER TO SHOW CAUSE WHY COURT SHOULD NOT COMPEL ARBITRATION |
| vs. | |
| GLOBAL FINANCIAL PRIVATE CAPITAL, LLC; and G.F. INVESTMENT SERVICES, LLC, | |
| Defendants. | |

16

17          Plaintiff Celia Wakefield, individually and as the executor of the estate of

18 Charles T. Wakefield, deceased, and as the Trustee of the Wakefield Family Trust

19 Dated April 23, 1997 ("Trust"), moves to remand the action to the Superior Court of

20 California, County of San Diego. Defendants Global Financial Private Capital, LLC

21 ("Global Financial") and G.F. Investment Services, LLC ("G.F. Investment") oppose

22 the motion and separately move to dismiss Plaintiff's complaint on res judicata

23 grounds. Plaintiff opposes the motion to dismiss. Pursuant to Local Rule 7.1(d)(1),

24 the court finds the matters presented appropriate for resolution without oral argument.

25 For the reasons set forth below, the court denies the motion to remand, permits

26 jurisdictional discovery, vacates Defendants' motion to dismiss, and issues an Order

27 to Show Cause re: Why the Court Should Not Compel Arbitration of Plaintiff's Claims

28 ("OSC"). The parties shall file responsive briefs to the OSC within 14 days of entry

of this order, and reply briefs may be filed seven days later.

## BACKGROUND

The Notice of Removal

On February 2, 2015, Defendants removed this action from the Superior Court based upon diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(d), and 1446. Defendants allege that they are both Florida limited liability companies ("LLCs") with licenses to do business in California, Plaintiff is a California citizen, and the amount in controversy exceeds $75,000, exclusive of costs and interest. (Ct. Dkt. 1 ¶¶3-9). The Notice of Removal ("Notice") does not allege the citizenship of the members of the LLCs.

The Complaint

Filed on December 9, 2014, the Complaint alleges eight causes of action for (1) breach of fiduciary duty; (2) violation of the California Consumer Legal Remedies ("CLRA:); (3) tort of another claim for attorney's fees; (4) violation of Elder Abuse Welf. and Insti. Code Section 15610, et. seq.; (5) violation of Cal. Bus. and Prof. Code Section 17200; (6) breach of contract; (7) breach of duty to supervise; and (8) declaratory relief. Plaintiff's claims arise from the following generally described conduct.

In mid-summer 2007, Plaintiff and her late husband, Charles T. Wakefield, (collectively, the "Wakefields") attended a free financial seminar presented by Mr. Reid Johnson. On July 18, 2007, the Wakefields entered into an agreement with Reid Johnson, through his company The Planning Group of Scottsdale, LLC and a WRAP fee investment advisory contract with Global Financial.[1] Plaintiff alleges that Johnson was an agent of Global Financial. At the time, Plaintiff was in her late 80s and Charles

/ / /

/ / /

---

[1] A WRAP fee agreement permits the investment advisor to charge a percentage of the overall client assets being managed. Investopedia, http://www.investopedia.com/terms/w/wrap-fee.asp (last visited June 11, 2015).

1    T. Wakefield was in his late 70s.[2]

2         In essence, Plaintiff alleges she and her husband were advised to sell their
3    investments and to reinvest the proceeds in a series of unsuitable investments and
4    insurance transactions that caused the Wakefields harm. (Compl. ¶¶29, 40). Plaintiff
5    alleges damages of about $1.6 million. (Compl. ¶49). Plaintiff also alleges that
6    Johnson, the advisor, failed to disclose material adverse information, including that he
7    owed about $11 million in taxes to the IRS.   In broad brush, Plaintiff alleges that
8    Defendants failed to adequately supervise Johnson and caused her harm.

9         This action is related to an earlier filed action that commenced on April 30, 2013,
10   in the Superior Court for the State of California, County of San Diego (Wakefield v.
11   Reid Stuart Johnson, et al.. Case No. 37-2013-000-046502-CU-FR-CTL, the "Johnson
12   Action"). The thrust of the Johnson Action is that Johnson, the financial advisor,
13   breached fiduciary duties to Plaintiff and violated several state consumer statutes. The
14   state court complaint does not identify any role played by Global Financial and/or G.F.
15   Investment in the underlying misconduct. Following mediation, on February 21, 2014,
16   the Johnson Action settled. (Plaintiff's Exh. 7).

17        After the Johnson Action settled, Plaintiff's counsel discovered the existence of
18   the relationship between the Wakefields and Defendants.  After Mr. Wakefield passed
19   away in 2010, Plaintiff had no recollection that she and her husband had entered into
20   a separate contract with Defendants.  Neither Plaintiff nor her counsel were allegedly
21   aware that there existed an advisory contract with Global Financial. (Compl. ¶45, 46).

22        On December 8, 2012, Plaintiff's counsel sent a letter to Global Financial
23   requesting copies of relevant documents.  Plaintiff's counsel did not receive a response
24   to this letter. (Compl. ¶43). On June 14, 2013, counsel for Johnson in the Johnson
25   Action provided a copy of the Global Financial WRAP contract to Plaintiff.  Plaintiff
26   alleges that she recently learned of the role of G.F. Investment in the alleged
27   wrongdoing.

28   _____

     [2] Mr. Wakefield died at age 80 and Mrs. Wakefield is currently 93 years old.

15cv0451

1

# DISCUSSION

2

## The Motion to Remand

3    Plaintiff contends that this action must be remanded because the Notice of

4 Removal and complaint fail to adequately allege the citizenship of each member of the

5 limited liability company ("LLC") Defendants.  Diversity jurisdiction under 28 U.S.C.

6 §1332(d) requires a LLC to identify the citizenship of its members.  Johnson v.

7 Columbia Properties LP, 437 F.3d 894, 899 (9th Cir. 2006).  Defendants, who have the

8 burden of demonstrating jurisdiction, In re Dynamic Random Access Memory Antitrust

9 Litig., 546 F.3d 981, 984 (9th Cir. 2008), did not allege the citizenship of Defendants'

10 members in the Notice of Removal but have informed Plaintiff that all of Defendants'

11 members are Florida citizens.  The members of Global Financial are two Florida LLCs:

12 GEMGC, LLC, whose only member is Florida resident Geoffrey Frazier and MCCE

13 Associates, LLC whose only member is Florida resident Michael Dixon.  (Kirby Decl.

14 ¶¶5, 6; Lyle Decl. ¶3).  The members of G.F. Investment, Geoffrey Frazier and Michael

15 Dixon, are both Florida residents.  (Lyle Decl. ¶4).

16    While Plaintiff correctly objects to the declaration of Timothy J. Lyle, based

17 upon a lack of personal knowledge under Federal Rule of Evidence 602, that is not

18 grounds for remand at this point in time.[3]  Similarly, the Notice of Removal and/or

19 complaint should have alleged the citizenship of Defendants' members.  However, that

20 also is not grounds for dismissal.  Rather, Defendants have the burden to demonstrate

21 diversity jurisdiction and maintain that they are able to do so.  The court rejects

22 Plaintiff's technical argument that the failure to allege Defendants' members domicile

23 in the Notice of Removal categorically requires remand.  The Notice of Removal

24 provided notice to Plaintiff of the grounds for removal and permitted Plaintiff's counsel

25 to inquire into the domicile of the unnamed Defendants' members.  Early in the case

26

27    [3] Mr. Lyle declares that he is the Director of Risk Management and Chief

28 Compliance Officer ("Risk Officer") for Global Financial.  However, Mr. Lyle does not
identify how, as Risk Officer, he possesses personal knowledge that Defendants'
members are domiciled in Florida.

1  the parties have squarely placed the citizenship of Defendants' members at issue and
2  have expeditiously pursued this issue.[4]

3      Here, notwithstanding the inadmissible Lyle Declaration, there does not appear
4  to be a genuine dispute about the citizenship of Defendants' members.  Complete
5  diversity existed both at the time of filing the complaint and at the time of removal.
6  See Lopez v. General Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983).  Remand is
7  appropriate for either lack of subject matter jurisdiction or for defects in the removal
8  procedures. 28 U.S.C. §(c).  There are no identifiable procedural defects and complete
9  diversity exists.  Notwithstanding, the evidentiary record submitted by Defendants is
10  insufficient.  Defendants are instructed to provide Plaintiff's counsel with admissible
11  evidence of the citizenship of Defendants' members within 14 days of entry of this
12  order.  In the event Plaintiff desires to take deposition testimony, Defendants shall
13  make the members available for deposition, limited in scope to establishing the
14  domicile of the members.  The depositions, if any, will go forward within 14 days of
15  entry of this Order in the state of Defendants' members domicile.

16      In sum, the court denies the motion to remand without prejudice, subject to
17  Defendants' members providing satisfactory evidence of domicile to Plaintiff within
18  14 days of entry of this order. Any further motion to dismiss for lack of removal
19  jurisdiction must be filed within 21 days of entry of this order.

20  **The Motion to Dismiss**

21      The court declines to address Defendants' Motion to Dismiss until the parties
22  respond to the court's OSC, as more fully discussed below.  The court vacates the
23  hearing date on Defendants' motion to dismiss, subject to renewal upon resolution of
24  the OSC and a renoticed motion to dismiss.

25  **Order to Show Cause re: Why the Court Should Not Compel Arbitration of**
    **Plaintiff's Claims**
26
27      The WRAP contract entered into by the parties contains an arbitration provision.

28  _____
    [4] The court notes that the authorities cited by the parties are not dispositive on
    the issues raised.

(Compl., Exh. 3, ¶14).  The Federal Arbitration Act ("FAA") provides that

> a written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract.

9 U.S.C. §2.  The FAA establishes federal policy favoring arbitration of disputes. Federal courts are required to "rigorously" enforce the parties agreement to arbitrate. Sherson/American Express, Inc. v. McMahon, 482 U.S. 220 (1987).  Indeed, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983).

> [W]here a contract contains an arbitration clause, there is a presumption of arbitrability in a sense that [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.  Doubts should be resolved in favor of coverage.

A.T.&T. Tech. Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986) (citations omitted).

As the arbitration provision is presumptively valid, the court issues this OSC. The parties shall file responsive briefs 14 days after entry of this order and reply briefs 7 days later.  Unless otherwise notified by the court, the matter will be taken under submission without oral argument pursuant to L.R. 7.1(d)(1).

In sum, the court denies the motion to remand without prejudice, permits jurisdictional discovery, vacates the motion to dismiss, and issues an OSC to the parties to show cause why the court should not compel arbitration.

**IT IS SO ORDERED.**

DATED:  June 15, 2015

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:          All parties

15cv0451