# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELIA WAKEFIELD,<br><br>                    Plaintiff,<br>v.<br><br>GLOBAL FINANCIAL PRIVATE CAPITAL, LLC; and G.F. INVESTMENT SERVICES, LLC,<br><br>                    Defendants. | CASE NO. 15cv451 JM(JMA)<br><br>ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE |

Defendants Global Financial Private Capital, LLC ("Global Financial") and G.F. Investment Services, LLC move to dismiss the complaint on grounds that prior related litigation operates as <u>res judicata</u> for purposes of this action. Plaintiff Celia Wakefield, individually and as the executor of the estate of Charles T. Wakefield, deceased, and as the Trustee of the Wakefield Family Trust Dated April 23, 1997 ("Trust"), opposes the motion.[1]

As a threshold matter, the court notes that the parties do not dispute that a Rule 12(b)(6) motion is an appropriate procedural vehicle to address issues of claim

---

[1] On June 15, 2015, the court entered an order denying Plaintiff's motion to remand and ordered the parties to show cause ("OSC") why the court should not compel arbitration pursuant to the parties' contractual arbitration provision. (Ct. Dkt. 16). On June 17, 2015, the parties responded to the OSC by representing that they both voluntarily and knowingly waive the right to compel arbitration pursuant to the Federal Arbitration Act. The court accepts the parties' representations that they voluntarily waive the right to pursue arbitration. (Ct. Dkt6. 17).

preclusion.² However, neither party discusses the contractual choice of law and forum selection provisions contained in the agreement between the parties. (Ct. Dkt. 1, at p.101 ¶23).³ The parties agreed to apply Florida law and designated the County of Sarasota, Florida as the venue for resolving any and all disputes.

The court denies the motion to dismiss without prejudice because Defendants fail to set forth any choice of law analysis or to otherwise inform the court of the applicable law. Federal courts look to the law of the forum state in resolving choice of law issues. See Ticknor v. Choice Hotels Intern., Inc., 265 F.3d 931, 937 (9th Cir. 2001); Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 641 (9th Cir. 1988). "In determining the enforceability of . . . contractual choice-of-law provisions, California courts shall apply the principles set forth in the Restatement (Second of Conflict of Laws) section 187 which reflects a strong policy favoring enforcement of such provisions." Nedlloyd Lines B.V. v. Superior Court, 3 Cal.4th 459, 464 (1992).

Here, the parties rely exclusively on California law, but the agreement specifically identifies that the agreement would be governed by Florida law. It is not the role of the court to make arguments for the parties or to identify viable state law claims, if any. As Defendants fail to analyze the choice of law and forum selection provisions, prerequisites to addressing the merits of Defendants' arguments, they fail to carry their burden under Rule 12(b)(6).

In sum, the motion to dismiss is denied with prejudice. Defendants shall file a response to the complaint within 14 days of entry of this order.

**IT IS SO ORDERED.**

DATED: July 8, 2015

  _____
  Hon. Jeffrey T. Miller
  United States District Judge

---

²See Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (The affirmative defense of res judicata may be raised in a Rule 12(b)(6) motion.).

³ Plaintiff, in its response to the OSC, argued that enforcement of the choice of law and venue contractual provisions would cause her hardship. (Ct, DKt. 19). The court notes that these arguments are better addressed in context of a choice of law analysis. See Restatement (Second of Conflict of Laws) section 187.