UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELIA WAKEFIELD, individually and as executor of the estate of Charles T. Wakefield, deceased, and as Trustee of the Wakefield Family Trust Dated April 23, 1997,<br><br>                                        Plaintiff,<br><br>v.<br><br>GLOBAL FINANCIAL PRIVATE CAPITAL, LLC, a Florida limited liability company, and G.F. INVESTMENT SERVICES, LLC, a Florida limited liability company,<br><br>                                        Defendants. | Case No.:  15cv0451 JM(JMA)<br><br>**ORDER RE PLAINTIFF'S MOTION FOR TRIAL PREFERENCE** |

Plaintiff Celia Wakefield, individually and as executor of the estate of Charles T. Wakefield, deceased, and as Trustee of the Wakefield Family Trust Dated April 23, 1997 ("Trust"), filed a Motion for Trial Preference ("Motion") on July 31, 2015 (Doc. No. 23), asking the court to grant her trial preference and set a trial date within 90-120 days from the granting of the motion, due to her advanced age and health.  Plaintiff has also asked the court to take judicial notice of various exhibits submitted in support of her motion, pursuant to Federal Rule of Evidence 201.  On August 31, 2015, Defendants Global

1

Financial Private Capital, LLC ("Global Financial") and G.F. Investment Services, LLC ("G.F. Investment") filed an Opposition to Plaintiff's Motion for Trial Preference ("Opposition"), and Evidentiary Objections in Opposition to (1) the Declaration of Timothy C. Karen; and (2) the Request for Judicial Notice in Support of Plaintiff's Motion for Trial Preference ("Evidentiary Objections").  (Doc. No. 26).  On September 8, 2015, Plaintiff filed a Reply to Opposition to Motion for Trial Preference ("Reply"). (Doc. No. 27).  Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument.  For the reasons set forth below, the court exercises discretion to set this matter for trial as early as practicable, considering the discovery and motion practice needs of the case.  The court orders the parties to schedule a case management conference before Magistrate Judge Jan M. Adler for the purpose of preparing a scheduling order, taking into consideration Plaintiff's status. Additionally, the court orders the parties to expeditiously arrange for the videotaped deposition of Plaintiff, for purposes of discovery and preservation of testimony.

## BACKGROUND

On February 2, 2015, Defendants removed this action from the Superior Court for the State of California based upon diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(d), and 1446.  The Complaint, filed on December 9, 2014, alleges eight causes of action for (1) breach of fiduciary duty; (2) violation of the California Consumer Legal Remedies ("CLRA"); (3) tort of another claim for attorney's fees; (4) elder abuse (Welfare and Insts. Code § 15610, et. seq.); (5) unfair business practices (Cal. Bus. and Prof. Code § 17200); (6) breach of contract; (7) breach of duty to supervise; and (8) declaratory relief.

Plaintiff alleges that she and her late husband, Charles T. Wakefield (collectively, "Wakefields"), entered into an agreement with Mr. Reid Johnson while attending a free financial seminar presented by Johnson.  At the time, Plaintiff was in her late 80s and

///

///

Charles T. Wakefield was in his late 70s.[1]   Plaintiff alleges that Johnson was Global Financial's agent, whose advice to the Wakefields to sell their investments and to reinvest the proceeds in a number of unsuitable investments and insurance transactions caused them harm.  (Compl. ¶¶ 29, 40).  Plaintiff alleges damages of about $1.6 million.  (Comp. ¶ 49).  Plaintiff also alleges that Johnson failed to disclose material adverse information to Plaintiff, and that Defendants failed to adequately supervise Johnson, as their alleged agent, which also caused Plaintiff harm.

This action is related to an earlier filed action in the Superior Court for the State of California, County of San Diego, commenced on April 30, 2013 (<u>Wakefield v. Reid Stuart Johnson, et al.</u>, 37-2013-000-046502-CU-FR-CTL, the "Johnson Action"), in which Plaintiff sued Johnson and not the present Defendants.  Following a settlement of the Johnson action, Plaintiff allegedly discovered the relationship between the Wakefields and Defendants and filed the current action.

<u>Motion for Trial Preference</u>

Plaintiff's motion is based on Plaintiff's advanced age and health conditions which, she submits, may prevent her from testifying at her trial.  As represented in the Declaration of Timothy C. Karen in Support of Motion for Trial Preference ("Karen Decl."), Plaintiff is 93 years old and suffers from a host of medical conditions.[2]   Namely, Plaintiff suffers from (1) loss of vision due to macular degeneration; (2) serious hearing loss, requiring her to use hearing aids in both ears; (3) anxiety, which she treats with prescribed medication – Zoloft; (4) insomnia; (5) hypothyroidism; (6) incontinence; and (7) osteoporosis.  (Karen Decl. ¶ 5).  Plaintiff also has a history of breast cancer, which is

---

[1] Charles T. Wakefield died at age 80, and Mrs. Wakefield is currently 93 years old.

[2] Plaintiff's counsel represents that the information regarding Plaintiff's health status is based upon his communications with Plaintiff's health care professionals, Plaintiff herself, and his review of Plaintiff's medical records.  For purposes of this motion, the court has no reason to doubt the general reliability and accuracy of these representations as it appears that Mr. Karen has become sufficiently familiar with his client's status to make these representations.  As such, Defendants' evidentiary objections to the use of Timothy C. Karen's Declaration are overruled.

currently in remission.  (Karen Decl. ¶ 5).  Finally, Plaintiff fell and broke her hip on January 3, 2015, and is currently recovering from that injury.  (Karen Decl. ¶ 11).

Based on his personal observations of Plaintiff's health conditions and his review of her medical records, Plaintiff's counsel argues that trial preference is necessary in order to prevent prejudice to Plaintiff's interests in this litigation.  (Karen Decl. ¶ 18).  Specifically, Plaintiff's counsel suggests that Plaintiff's progressive macular degeneration may render her unable to read and recognize documents.  (Karen Decl. ¶ 18).  Further, as her hearing continues to deteriorate, so will her ability to credibly testify on her own behalf at trial.  (Karen Decl. ¶ 18).  Finally, given her condition of osteoporosis, there is a chance that another hip or other fracture may become life-threatening or, at the very least, diminish Plaintiff's ability to testify at trial.  (Karen Decl. ¶ 18).[3]

Defendants oppose Plaintiff's motion on several grounds.  First, Defendants argue that Plaintiff's alleged medical conditions are not supported by appropriate medical documentation, such as a physician's declaration.  (Evidentiary Objections ¶ 1).  Second, Defendants correctly point out that while Cal. Civ. Proc. Code § 36 allows for expedited trials in state court actions pursuant to the judge's discretion, there is no federal court counterpart to govern this action.  (Defendants' Opposition, p. 4).[4]  Defendants note that a party in a federal action may be able to expedite a case under 28 U.S.C. § 1657 if the case implicates a constitutional right under the U.S. Constitution or a federal statute, but assert that this case implicates neither.  (Defendants' Opposition, p. 4).  Third, Defendants argue that the moving papers are devoid of any offer of proof, should Plaintiff testify.  (Kirby Decl. ¶ 12).  Finally, Defendants argue that granting a trial date within 90-120 days would prejudice Defendants' ability to conduct sufficient discovery and prepare for trial.  Rather, Defendants offer to work with Plaintiff to schedule her

---

[3] Plaintiff's counsel also asserts that he was granted trial preference based on Plaintiff's age and health pursuant to Cal. Civ. Proc. Code § 36.  (Plaintiff's Exh. 1).  As will be discussed, no analogous federal statute exists.

[4] Plaintiff concedes this point in her Reply. (Reply, p. 2).

videotaped deposition early, which would preserve her testimony and alleviate her concerns.  (Kirby Decl. ¶ 13).

## DISCUSSION

California Code of Civil Procedure Section 36 ("Section 36") provides that a party to a civil action, 70 years of age or older, may petition the court to grant trial preference, and the court shall grant it if the following two conditions are met: (1) "the party has substantial interest in the action as a whole," and (2) "the health of the party is such that a preference is necessary to prevent prejudicing the party's interest in the litigation." Cal. Civ. Proc. Code § 36(a).  This statute, the parties recognize, does not apply to federal actions.[5]

Though Section 36 does not stretch to protect Plaintiff in this case, its spirit is embodied in 28 U.S.C. § 1657, which authorizes a district court to exercise discretion in determining the order in which to hear its civil cases, and to "expedite the consideration of any action . . . if good cause is shown."  28 U.S.C. § 1657(a).  For the purposes of this provision, "good cause" is shown "if a right under the Constitution of the United States or a Federal Statute . . . would be maintained in a factual context that indicates that a request for expedited consideration has merit."  28 U.S.C. § 1657(a).

Defendants argue that 28 U.S.C. § 1657 does not apply to Plaintiff's request for trial preference, because this matter does not involve a right under the U.S. Constitution or a federal statute.  Plaintiff does not dispute this point, but instead requests that the court exercise its general discretion to grant trial preference to Plaintiff, given her age and health conditions.

Section 36 and 28 U.S.C. § 1657 notwithstanding, the Federal Rules of Civil Procedure mandate the "just, speedy, and inexpensive determination" of all actions (Fed. R. Civ. P. 1.), and allow district courts considerable discretion in managing their dockets

---

[5] "While the California Code of Civil Procedure allows for expedited trial in state court actions pursuant to the judge's discretion, there is no federal court counterpart which governs this action."  O'Connor v. Boeing North Am., Inc., 2004 U.S. Dist. LEXIS 31338, *22 (C.D. Cal. June 7, 2004).

and determining case management orders (Fed. R. Civ. P. 16).  In any action, pursuant to Rule 16, the court may order attorneys to appear for one or more pretrial conferences for the purposes of "expediting disposition of the action" and "establishing early and continuing control."  Fed. R. Civ. P. 16(a).

The court agrees with Plaintiff that an earlier trial date for this action is fair, reasonable, and justified for the following reasons.  First, there is no doubt that Plaintiff is sufficiently elderly and her impaired hearing and eyesight may continue to deteriorate.  Second, as Plaintiff submits in her reply, her testimony is relevant to the case, as she is expected to testify about her interactions with Johnson, Defendants' alleged authorized agent, and about the "investment objectives of herself and her husband and the fact that they signed a contract for investment advisory services with Defendant Global Financial."  (Reply, p. 2).

Therefore, while the court does not order a trial date to be set in this matter within 90-120 days, the court declares this matter is appropriate for preferential trial setting and instructs the parties to schedule a case management conference forthwith.[6] The court also orders the following:

(1) Parties are ordered to forthwith schedule a case management conference before Magistrate Judge Jan M. Adler for the purpose of preparing a scheduling order, taking into consideration Plaintiff's status;

///

///

///

---

[6] Other than the existence and content of court orders from the Johnson action, this order renders moot Plaintiff's request for judicial notice and the objections thereto.  In any event, pursuant to Federal Rule of Evidence 201, the court could not take judicial notice of the content of any of the exhibits presented by Plaintiff.  See Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

(2) Parties are ordered to immediately arrange for an expedited videotaped deposition of Plaintiff in order to preserve her testimony for trial.

IT IS SO ORDERED.

DATED:  September 17, 2015

JEFFREY T. MILLER
United States District Judge

15cv0451 JM(JMA)